**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LISA BATEY-KOLEGAS, | CIVIL ACTION |
| Plaintiff, | |
| v. | CASE NO. |
| COMENITY BANK, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, LISA BATEY-KOLEGAS ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, COMENITY BANK ("Comenity") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Comenity conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5.  Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

6.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7.  Defendant states, "our banks manage more than 125 credit programs for many of the top retailers in the U.S."[1]

8.  Comenity is a Delaware corporation engaged in the business offering credit services and collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the State of Illinois. Comenity's registered agent is the Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## FACTS SUPPORTING CAUSE OF ACTION

9.  Plaintiff obtained store credit cards from Victoria's Secret and Carson Pirie Scott serviced through Comenity sometime in late 2014 and incurred debt on both credit cards ("subject debts") as a result.

10. Plaintiff subsequently defaulted on the subject debts in late 2015 or early 2016.

11. In January 2016, Comenity began placing unwanted collection calls to Plaintiff's cellular telephone ending in 4247 attempting to collect the subject debts. Plaintiff was the sole subscriber,

---

[1] http://about.comenity.net/about/company (Last accessed on March 14, 2017.)

owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

12. On or around February 22, 2016, Plaintiff answered a phone call from a Comenity representative attempting to locate and collect the subject debts. In response, Plaintiff demanded that Comenity stop placing calls to her cellular phone.

13. When this call from Comenity connected, there was an audible click from the receiver indicating that the call was placed using an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1).

14. Plaintiff received Comenity's calls from various telephone numbers including, but not limited to, the following:

|       |                     |
|-------|---------------------|
| i.    | 614-754-4131;       |
| ii.   | 720-456-3680;       |
| iii.  | 614-212-5291;       |
| iv.   | 614-212-5289;       |
| v.    | 913-312-3304;       |
| vi.   | 720-456-3680;       |
| vii.  | 614-754-4133;       |
| viii. | 720-456-3683;       |
| ix.   | 720-456-3695;       |
| x.    | 720-456-3696;       |
| xi.   | 720-456-3679;       |
| xii.  | 614-212-7531; and   |
| xiii. | 614-212-7530        |

15. Upon information and belief, the above numbers are phone numbers utilized by Comenity during its debt collection activities. Comenity has contacted Plaintiff's cellular phone with the purpose of collecting on consumer subject debts.

16. Notwithstanding Plaintiff's request that Comenity cease placing calls to her cellular phone, Comenity placed or caused to be placed no less than 35 harassing phone calls to Plaintiff's cellular

phone ending in 4247 between February 22, 2016 and the present day, including, but not limited to, the following dates and times: [2]

- February 22, 2016 at 7:53 p.m., from telephone number 720-456-3680;
- February 23, 2016 at 9:31 a.m., from telephone number 614-754-4133;
- March 1, 2016 at 5:22 p.m., from telephone number 720-456-3683;
- March 1, 2016 at 6:37 p.m., from telephone number 720-456-3683;
- March 2, 2016 at 8:19 a.m., from telephone number 720-456-3683;
- March 2, 2016 at 10:22 a.m., from telephone number 720-456-3695;
- March 2, 2016 at 6:24 p.m., from telephone number 720-456-3683;
- March 3, 2016 at 8:16 a.m., from telephone number 720-456-3695;
- March 3, 2016 at 9:19 a.m., from telephone number 720-456-3683;
- March 3, 2016 at 4:20 p.m., from telephone number 720-456-3696;
- March 4, 2016 at 4:11 p.m., from telephone number 720-456-3696;
- March 5, 2016 at 12:35 p.m., from telephone number 720-456-3696;
- March 5, 2016 at 4:39 p.m., from telephone number 720-456-3679;
- March 6, 2016 at 12:46 p.m., from telephone number 720-456-3679;
- March 7, 2016 at 9:08 a.m., from telephone number 720-456-3679;
- March 9, 2016 at 11:53 a.m., from telephone number 614-754-4131;
- March 9, 2016 at 5:11 p.m., from telephone number 614-754-4131;
- March 15, 2016 at 4:45 p.m., from telephone number 614-212-7531;
- March 15, 2016 at 7:02 p.m., from telephone number 614-212-7531;
- March 18, 2016 at 10:13 a.m., from telephone number 614-212-7530;
- March 20, 2016 at 11:51 a.m., from telephone number 614-212-5289;
- March 20, 2016 at 8:20 a.m., from telephone number 614-212-5291;
- March 20, 2016 (time unknown), from telephone number 614-212-5289;
- March 20, 2016 at 8:21 p.m., from telephone number 614-212-5289;
- March 23, 2016 at 2:16 p.m., from telephone number 614-212-5291;

[2] The list of calls is not exhaustive. The list includes the phone calls that were documented by Plaintiff.

4

- March 23, 2016 at 4:50 p.m., from telephone number 614-212-5289;
- March 24, 2016 at 11:13 a.m., from telephone number 614-212-5291;
- March 24, 2016 at 1:26 p.m., from telephone number 913-312-3304;
- March 25, 2016 at 4:26 p.m., from telephone number 720-456-3682;
- March 28, 2016 at 10:09 a.m., from telephone number 614-754-4131;
- March 31, 2016 at 5:29 p.m., from telephone number 614-754-4053;
- March 31, 2016 at 6:03 p.m., from telephone number 614-754-4053;
- March 31, 2016 at 6:43 p.m., from telephone number 614-754-4053;
- April 1, 2016 at 10:25 a.m., from telephone number 877-285-4015; and
- April 11, 2016 (time unknown), from telephone number 877-285-4015.

17. Plaintiff requested that Comenity cease placing calls to her cellular phone on no less than 2 separate occasions.

18. Plaintiff's demands that Comenity's phone calls cease fell on deaf ears and Comenity continued its phone harassment campaign.

19. Upon information, belief, and in light of the frequency of the calls, Comenity utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

20. The telephone number ending in 4247 that Comenity called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

21. The calls Comenity placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

### DAMAGES

22. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Comenity's unlawful collection practices.

5

23. Comenity's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

24. Comenity's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to cease Comenity's collection tactics, incurring costs and expenses traveling to and from her attorney's office.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Comenity placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and

dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

30. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

31. Upon information and belief, the predictive dialing system employed by Comenity transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

32. Comenity violated the TCPA by placing no less than 35 calls between February 2016 through the present day to Plaintiff's cellular phone, after Plaintiff demanded that Comenity cease placing calls to her cellular phone on no less than 2 separate occasions during the phone calls she answered.

33. As pled above, Plaintiff was severely harmed by Comenity's collection calls to her cellular phone.

34. Upon information and belief, Comenity has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

35. Upon information and belief, Comenity knew its collection techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Comenity, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Comenity is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Comenity's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

7

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a. Declare Comenity's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

38. Plaintiff restates and realleges paragraphs 1 through 25 as through fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

40. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

41. Comenity is engaged in commerce in the State of Illinois with regard to Plaintiff. Comenity specializes debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

42. Comenity violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to collect the subject debts from Plaintiff.

### a. Unfairness

43. It was unfair for Comenity to seek to collect from Plaintiff the subject debts through relentless harassing phone calls to her cellular phone attempting to induce her into making a payment.

44. It was unfair for Comenity to place or cause to be placed no less than 35 phone calls to Plaintiff's cellular phone between February 2016 through the present day, without her consent.

45. It was unfair for Comenity to continue placing calls to Plaintiff after she demanded that the calls cease on no less than 2 separate occasions.

46. Comenity's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the relentless harassing phone calls to her cellular phone.

47. Moreover, Comenity's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

48. Upon information and belief, Comenity systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

49. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Comenity and is done on a large scale.

50. Moreover Comenity's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over business that collect lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

51. As alleged above, Plaintiff was substantially harmed by Comenity's misconduct.

52. An award of punitive damages is appropriate because Comenity's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the harassing phone calls.

9

WHEREFORE, Plaintiff LISA BATEY-KOLEGAS requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against Comenity;

b.   Award Plaintiff her actual damages in an amount to be determined at trial;

c.   Award Plaintiff her punitive damages in an amount to be determined at trial;

d.   Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.   Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**


Dated: March 27, 2017                                    Respectfully Submitted,

                                                        /s/ Omar T. Sulaiman
                                                        Omar T. Sulaiman, ARDC#6322837
                                                        *Counsel for Plaintiff*
                                                        Sulaiman Law Group, LTD
                                                        900 Jorie Blvd, Ste 150
                                                        Oak Brook, IL 60523
                                                        Phone (630)575-8181
                                                        Fax: (630)575-8188